IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| NANCY BRENCZEWSKI, | ) | C/A NO.: **2:21-cv-3499-BHH** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | COMPLAINT |
| OLIVIA BAUM, BERNARD ROBINSON, | ) | |
| TD NORTH CHARLESTON HOTEL, LLC, | ) | |
| and AURO HOTELS MANAGEMENT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff complains of Defendants as follows:

## PARTIES

1. Plaintiff is a citizen and resident of Will County, Illinois.

2. Defendant Olivia Baum ("Baum") is a citizen and resident of Charleston County, South Carolina.

3. Defendant Bernard Robinson ("Robinson") is a citizen and resident of Charleston County, South Carolina.

4. Defendant TD North Charleston Hotel, LLC ("TD") is a limited liability company organized under the laws of and having its principal place of business in the State of South Carolina.

5. Defendant Auro Hotels Management, LLC ("Auro") is a limited liability company organized under the laws of and having its principal place of business in the State of South Carolina.

6. At all times relevant herein, Robinson was an agent and employee of TD and was acting within the course and scope of his agency and employment.

7. At all times relevant herein, Robinson was an agent and employee of Auro and was acting within the course and scope of his agency and employment.

JURISDICTION

8. The Court has diversity of citizenship jurisdiction over this matter pursuant to 28 U.S.C. § 1332 given the citizenship of the parties and the fact that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9. Venue is appropriate in the Charleston Division of the District of South Carolina because of the residency of Defendants and the fact that the subject motor vehicle collision occurred in Charleston County, South Carolina.

FACTS

10. On November 1, 2018, Plaintiff was a passenger in a motor vehicle owned by TD and/or Auro and driven by Robinson in a northbound direction on International Boulevard at or near its intersection with the ramp for I-526 East in North Charleston, South Carolina.

11. At the same time and place, Baum owned, maintained, operated, managed, and controlled a motor vehicle that was traveling in a southbound direction on International Boulevard and was attempting to make a left turn across the northbound lanes of International Boulevard onto the ramp for I-526 East.

12. Baum failed to yield the right-of-way to traffic traveling in the northbound lanes of International Boulevard, including the vehicle operated by Robinson, and caused a collision between her vehicle and the vehicle operated by Robinson (the "Collision").

FOR A CAUSE OF ACTION AGAINST BAUM

13. Plaintiff realleges the foregoing paragraphs as if fully repeated herein.

14. At all times aforesaid, Baum owed a duty to exercise ordinary care for the safety of other travelers on the roadway (including Plaintiff), to comply with applicable traffic laws, and to be free from negligence in the operation of her motor vehicle.

15. Baum breached these duties and directly and proximately caused the Collision.

16. Specifically, Baum was negligent, negligent *per se*, reckless, and grossly negligent and directly and proximately caused the Collision in one or more of the following ways:

    (a)    In failing to maintain a proper lookout;

    (b)    In failing to keep her vehicle under proper control;

    (c)    In failing to slow and to stop her vehicle properly;

    (d)    In failing to operate her vehicle on the roadways of the State of South Carolina in accordance with the common and statutory laws of same;

    (e)    In operating a motor vehicle with a reckless disregard for the rights and safety of others, especially the rights and safety of Plaintiff;

    (f)    In violating S.C. CODE ANN. § 56-5-970(A)(1) (1976, as amended);

    (g)    In violating S.C. CODE ANN. § 56-5-2320 (1976, as amended);

    (h)    In violating S.C. CODE ANN. § 56-5-2150(A) (1976, as amended);

    (i)    In failing to take evasive action to avoid the Collision;

    (j)    In failing to yield the right-of-way to the vehicle in which Plaintiff was traveling;

    (k)    In colliding with the vehicle in which Plaintiff was traveling; and

    (l)    In failing to exercise that degree of care and caution which a reasonable and prudent person would have exercised under the same or similar conditions.

17. As a direct and proximate result of the Collision, Plaintiff suffered personal injuries and damages. She sustained severe and permanent injuries and was, and will be, hindered and prevented from attending to her usual duties and affairs of life, and has lost, and will lose, the value of that time as aforementioned, including lost wages and a loss in wage-earning capacity. Further, Plaintiff suffered great pain, anguish, and distress, both in mind and body, and will, in the future, continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

18. Plaintiff is entitled to an award of actual damages against Baum.

19. In addition, given the nature of Baum's conduct and her causative statutory violations, Plaintiff is entitled to an award of punitive damages against Baum in an appropriate amount.

<u>FOR A CAUSE OF ACTION AGAINST ROBINSON</u>

20. Plaintiff realleges the foregoing paragraphs as if fully repeated herein.

21. At all times aforesaid, Robinson owed a duty to exercise ordinary care for the safety of passengers in his vehicle (including Plaintiff), to comply with applicable traffic laws, and to be free from negligence in the operation of his motor vehicle.

22. Robinson breached these duties and directly and proximately caused the Collision.

23. Specifically, Robinson was negligent, negligent *per se*, reckless, and grossly negligent and directly and proximately caused the Collision in one or more of the following ways:

    (a)    In failing to maintain a proper lookout;

    (b)    In operating his vehicle at a speed that was greater than reasonable under the prevailing circumstances;

    (c)    In failing to keep his vehicle under proper control;

    (d)    In failing to slow and to stop his vehicle properly;

    (e)    In failing to operate his vehicle on the roadways of the State of South Carolina in accordance with the common and statutory laws of same;

    (f)    In operating a motor vehicle with a reckless disregard for the rights and safety of others, especially the rights and safety of Plaintiff;

    (g)    In failing to take evasive action to avoid the Collision;

    (h)    In colliding with Baum's vehicle; and

    (i)    In failing to exercise that degree of care and caution which a reasonable and prudent person would have exercised under the same or similar conditions.

24. As a direct and proximate result of the Collision, Plaintiff suffered personal injuries and damages. She sustained severe and permanent injuries and was, and will be, hindered and prevented from attending to her usual duties and affairs of life, and has lost, and will lose, the value of that time as aforementioned, including lost wages and a loss in wage-earning capacity. Further, Plaintiff suffered great pain, anguish, and distress, both in mind and body, and will, in the future, continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

25. Plaintiff is entitled to an award of actual damages against Robinson.

26. In addition, given the nature of Robinson's conduct and his causative statutory violations, Plaintiff is entitled to an award of punitive damages against Robinson in an appropriate amount.

<u>FOR A CAUSE OF ACTION AGAINST TD</u>

27. Plaintiff realleges the foregoing paragraphs as if fully repeated herein.

28. As Robinson's principal and employer, TD is vicariously liable for Robinson's negligence, negligence *per se*, recklessness, and gross negligence as aforesaid under the doctrine of *respondeat superior*.

29. In addition, TD was independently negligent and directly and proximately caused the Collision in one or more of the following ways:

    (a)    In entrusting its vehicle to Robinson;

    (b)    In failing to train and to supervise Robinson properly;

    (c)    In failing to maintain its vehicle adequately; and

    (d)    In failing to exercise that degree of care and caution which a reasonable and prudent vehicle owner, principal, and employer would have exercised under the same or similar conditions.

30. As a direct and proximate result of the Collision, Plaintiff suffered personal injuries and damages. She sustained severe and permanent injuries and was, and will be, hindered and prevented from attending to her usual duties and affairs of life, and has lost, and will lose, the value of that time as aforementioned, including lost wages and a loss in wage-earning capacity. Further, Plaintiff suffered great pain, anguish, and distress, both in mind and body, and will, in the future, continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

31. Plaintiff is entitled to an award of actual and punitive damages against TD.

<u>AS A CAUSE OF ACTION AGAINST AURO</u>

32. Plaintiff realleges the foregoing paragraphs as if fully repeated herein.

33. As Robinson's principal and employer, Auro is vicariously liable for Robinson's negligence, negligence *per se*, recklessness, and gross negligence as aforesaid under the doctrine of *respondeat superior*.

34. In addition, Auro was independently negligent and directly and proximately caused the Collision in one or more of the following ways:

    (a)    In entrusting its vehicle to Robinson;

    (b)    In failing to train and to supervise Robinson properly;

    (c)    In failing to maintain its vehicle adequately; and

    (d)    In failing to exercise that degree of care and caution which a reasonable and prudent vehicle owner, principal, and employer would have exercised under the same or similar conditions.

35. As a direct and proximate result of the Collision, Plaintiff suffered personal injuries and damages. She sustained severe and permanent injuries and was, and will be, hindered and prevented from attending to her usual duties and affairs of life, and has lost, and will lose, the value of that time as aforementioned, including lost wages and a loss in wage-earning capacity. Further, Plaintiff suffered great pain, anguish, and distress, both in mind and body, and will, in the future, continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

36. Plaintiff is entitled to an award of actual and punitive damages against Auro.

WHEREFORE, Plaintiff prays for judgment against Defendants for actual and punitive damages in such amount as the Court shall award, together with the costs of this action and any such other and further relief as this Court may deem to be just and proper.

                                                    CLAWSON FARGNOLI UTSEY, LLC
                                                    2 Amherst Street
                                                    Charleston, SC  29403
                                                    (843) 970-2700
                                                    bert@cfulaw.com

                                   By: */s/Bert G. Utsey, III*
                                          BERT G. UTSEY, III
                                          Fed. ID No.:  01045

                                          Attorneys for Plaintiff

October 26, 2021
Charleston, South Carolina